JOSEFA AGUAYO-CASALS and MARÍA GRACIELA GARCÍA-AGUAYO, Plaintiffs and Appellees, *v.* RODOLFO and ELVIRA GARCÍA-FERNÁNDEZ, Defendants and Appellants.

No. 3562. Argued April 23, 1925.—Decided July 20, 1925.

1. TRIAL—SETTING FCR TRIAL—JUDGMENT.—Although a court can not set a day for the retrial of a case in which judgment has been entered, it can do so when that judgment has been set aside.

2. NEW TRIAL—WAIVER—JUDGMENT.—The fact that a party waived the new trial granted him and moved for and obtained judgment in his favor does not prevent the court from setting aside that judgment seventeen years later at the instance of the said party, especially if before the motion was made the Supreme Court had reversed that judgment in a suit between the original parties.

District Court of Ponce, R. Díaz Cintrón, J. Order setting aside judgment and setting a day for trial. *Affirmed.*

*E. Ramos Antonini* for the appellants. *José Tous Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Josefa Aguayo-Casals, individually and in behalf of her minor daughter María Graciela García Aguayo, brought an action in 1904 against Rodolfo and Elvira García Fernández, brother and sister, alleging that the plaintiffs were the only heirs of Juan García Villarraza as his lawful wife and daughter, respectively, and that the defendants were not legitimate children of Villarraza, although they claimed to be, and prayed the court to adjudge them, the plaintiffs, the sole heirs of Villarraza.

The defendants answered the complaint and on November 25, 1905, judgment was rendered in favor of defendant Elvira García. The plaintiffs moved for a new trial, which was denied, but in disposing of the appeal taken from that ruling and from the judgment the Supreme Court reversed both on June 30, 1906 (11 P.R.R. 263), and a mandate was sent down ordering the court below to grant a new trial or take such other action as might be proper in law.

Two years later, or on April 25, 1908, the plaintiffs moved the lower court to consider a new trial waived and, on the authority of the said judgment of the Supreme Court, to render judgment in their favor and against the defendants. On the same day judgment was entered sustaining the complaint.

Seventeen years thereafter the plaintiffs had the case included in the civil calendar and its trial was set for the 30th of January, 1925. The plaintiffs also moved the court below to set aside the judgment of April 25, 1908, on the ground that by a mistaken interpretation of the judgment of the Supreme Court it was rendered without holding the new trial and that in an action between the same parties that judgment was reversed by the Supreme Court (29 P.

R.R. 954). Defendant Elvira García objected to the setting of a day for trial and to the setting aside of the judgment, but the court overruled both objections, set aside the judgment of April 25, 1908, and left in force the setting made for trial, whereupon Elvira García took the present appeal.

Inasmuch as this court intends to affirm the order appealed from, it is not necessary to consider the two grounds taken by the appellees for dismissal of the appeal.

[1] We agree with the appellant that it would have been error on the part of the lower court to set a day for trial in an action that had been disposed of in 1908, but that error disappears when it is seen that the judgment was set aside. Therefore, the real question is whether or not the court acted correctly in setting aside the judgment.

[2] Although the appellees waived the new trial which they had been granted and moved for and obtained judgment in 1908, this did not prevent the court below from setting aside the judgment at the instance of the said party, because in the action in which Elvira García was plaintiff and the defendants were Josefa and her daughter, and in which the plaintiff sought to prove the marriage of her parents and establish her right to the estate of Juan García Villarraza, this Supreme Court held (29 P.R.R. 954) that the said judgment was void because it had been rendered without holding a new trial and, as that pronouncement appears in the reports of this court, the court below was justified in making the order appealed from by which it set aside the judgment in question. Therefore, that order must be affirmed in all particulars.